IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSHAWNA LOUISE MATTHEWS A/K/A ROSHAWNA MATTHEWS,<br><br>Plaintiff,<br><br>– vs –<br><br>GOLD STAR FINANCE, INC.,<br><br>Defendant. | )<br>)<br>) Civil Action No.<br>)<br>)<br>) Demand for Jury Trial<br>)<br>)<br>)<br>) |

**COMPLAINT**

TO THE HONORABLE DISTRICT COURT:

Plaintiff, ROSHAWNA LOUISE MATTHEWS A/K/A ROSHAWNA MATTHEWS ("Plaintiff"), through her undersigned attorney, hereby alleges the following against Defendant, GOLD STAR FINANCE, INC ("Defendant"):

**Nature of the Action**

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone to collect an alleged debt in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et seq.*

2. The TCPA was legislated to prevent companies like Gold Star Finance, Inc. from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt

our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## Parties

3. Plaintiff is a natural person residing, in the city of Dallas, Dallas County, Texas and is *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer, as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a financial lending company and part of the Non-depository Credit Intermediation industry. According to their Dun & Bradstreet profile, the company generates $3.6 million in sales across its multiple locations in the state of Texas. Defendant has its principal place of business in Denison, TX.

6. Defendant regularly engages in debt collection practices and sought to collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, corporate affiliates, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

8. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3) and 15 U.S.C. § 1692k(d), See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

9. Because Defendant conducts business in Texas, this honorable Court has personal jurisdiction over the Defendant.

10. Venue is proper in the United States District Court for Northern District of Texas pursuant to 28 U.S.C § 1391(b)(2) because the TCPA is a federal statute, which raises a federal question, Plaintiff resides within this district and a substantial part of the events or omissions giving rise to the herein claims occurred within this district.

## Factual Allegations

11. Defendant placed collection calls to Plaintiff seeking and attempting to collect on a disputed loan agreement.

12. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

13. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (972) XXX-3840.

14. Defendant placed collection calls to Plaintiff from its telephone numbers including, but not limited to, (469) 814-9341.

15. Upon information and belief, based on the volume, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

16. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

17. Defendant's calls were not for emergency purposes, which would be excepted from liability by 47 U.S.C. § 227(b)(1)(A).

18. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

19. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

20. Within the period of February 18, 2021 through April 23, 2021, Plaintiff sent Defendant five (5) separate letters, identifying herself with her full name, last 4 digits of social security number, full cell phone number and full account number. The first Cease and Desist letter was received by Defendant at their corporate headquarters at 610 W. Main Street, Denison, TX 75020 on March 5, 2021.

21. In her letter to Defendant, Plaintiff indicated she was represented by Recovery Law Group, APC with regards to the account Defendant was trying to collect, provided Defendant her attorney's telephone number, and requested Defendant stop calling her cellular phone.

22. As of March 5, 2021, Plaintiff revoked any consent, explicit, implied, or otherwise, that Defendant could have to call her cellular telephone using an automatic telephone dialing system.

23. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone using an automatic telephone dialing system after March 5, 2021.

24. Despite Plaintiff's request Defendant cease placing automated collection calls to Plaintiff, Defendant continued to place at least twenty-nine (29) telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

25. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

26. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

27. Defendant would use a pre-recorded voice when calling Defendant.

28. Defendant would leave pre-recorded messages for Plaintiff.

29. Defendant's autodialing machine contains the capacity to randomly dial numbers.

30. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

31. Defendant's calls were frequent in nature and continued despite receiving written notice Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular phone were to stop.

32. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay the disputed debt. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

33. Plaintiff's alleged debt with Defendant arises from a transaction for personal, family, and household purposes.

34. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in its many phone calls.

35. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, Roshawna Matthews, respectfully requests judgment be entered against Defendant, Gold Star Finance, Inc. as follows:

    a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: twenty-nine (29) for a total of fourteen thousand five hundred dollars ($14,500.00);

    b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c. Granting Plaintiff such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

41. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, Roshawna Matthews, respectfully requests judgment be entered against Defendant, Gold Star, Inc. as follows:

a. Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: twenty-nine (29) for a total of forty-three thousand five hundred dollars ($43,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE TDCA *§ 392.001 et seq.*

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

41. Defendant's violations of the TDCA include, but are not limited to, the following:

(a) Defendant violated § *392.304(5)(b)* of the TDCA by placing various telephone calls and failing to disclose Defendant as a debt collector; and

(b) Defendant violated § *392.304(19)* of the TDCA through other false, deceptive, or misleading representation or means in connection with the debt collection.

42. Defendant also violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number.

43. The aforementioned egregious conduct caused Plaintiff considerable anxiety and distress after having expressed to Defendant her admitted inability to pay the debt and her desire not to be called to her cellular phone.

44. The nature and volume of phone calls would naturally cause an individual to feel oppressed and, even more so, after the individual had expressed her desire not to be inconvenienced with calls to her cellular phone. Upon being told to stop calling, Defendant had good cause to stop its campaign of calls to Plaintiff's cellular phone. Yet, Defendant consciously chose to ignore Plaintiff's expressed will, and continued placing calls to Plaintiff's cell phone.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to Tex. Fin. Code § *392.403(2)*; and

(b) Reasonable attorney's fees, costs pursuant to § *392.403(2)(b)*.

## JURY TRIAL DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

                                            RESPECTFULLY SUBMITTED,

Dated: August 23, 2021

                                            By: ***/s/ Carlos C. Alsina-Batista***
                                            Carlos C. Alsina-Batista (TX Bar No. 24111072)
                                            Wajda & Associates
                                            10000 N Central Expressway, Suite 400
                                            Dallas, TX 75231
                                            Tel. 888-213-0169
                                            Fax 866-286-8433
                                            Email: calsinabatista@wajdalawgroup.com